## KING v. SIEDLER.

(Supreme Court, Appellate Division, Third Department. March 9, 1910.)

CONTRACTS (§ 189*)—AGREEMENT TO ASSUME LIABILITIES—CONSTRUCTION.

> Defendant agreed in writing to cause to be satisfied and discharged sundry judgments and pay certain claims existing against plaintiff. Another clause provided that nothing therein contained should be construed to prevent the judgment creditors or claimants from collecting their claims by legal process against other persons liable thereon. *Held*, that defendant did not agree to discharge the judgment of record, and his obligation could not be extended by instruction or implication beyond the terms of the contract.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 189.* ]

Appeal from Trial Term, Saratoga County.

Action by Vincent C. King against Charles Siedler. From the judgment, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Nash Rockwood, for appellant.

Edward D. Eddy, for respondent.

SEWELL, J. This action was brought to recover damages alleged to have resulted from the breach of a contract. The action was commenced September 11, 1906, and tried March 23, 1909. The contract was dated March 11, 1904, and contained an agreement on the part of the defendant:

"That he will cause to be satisfied and discharged sundry judgments, and assume and pay certain claims now existing against the said Vincent C. King as follows: Clarence L. Smith Co., two judgments amounting to about (together) $2,700. Kaldenberg Importing & Trading Co., judgment amounting to about $1,300. Second National Bank of Hoboken, judgment amounting to about $1,600. Mechanics' & Farmers' Bank, judgment amounting to about $1,500. Gansevoort Bank, judgment amounting to about $1,700. H. C. Colville, three notes, amounting to about $2,600. First National Bank of Jersey City (in suit), amounting to about $3,100. Mercantile National Bank (in suit), amounting to about $3,250."

The time of performance was not specified in the contract. The complaint alleges that the defendant has failed and neglected to satisfy and discharge, or to cause to be satisfied and discharged, four of the judgments, and has neglected and failed to assume and pay any of the claims specified in the agreement. It demands judgment for the amount of the judgments and claims that have not been paid, satisfied, or discharged by the defendant, and for the sum of $10,000 damages. The answer admits the contract, but "denies that the defendant has neglected to pay, and obtain discharges of, the several judgments set out and referred to in the complaint, and denies that the defendant has neglected or failed to assume and pay the claims specified in the complaint." The answer also contains two counterclaims for money loaned, and the amount paid upon a note made by the defendant for the accommodation of the plaintiff.

It appeared upon the trial that these judgments were paid prior to the commencement of the action and were satisfied of record in May, 1907; that the claim of the First National Bank of Jersey City was paid, and the plaintiff released, before the commencement of the action; and that within 60 days after the execution of the agreement in question the defendant secured the claim of the Mercantile Bank by deeds of real property and received an acknowledgment to the effect that the defendant was discharged as to the plaintiff.

The court found that the defendant had failed, before the beginning of the action and within a reasonable time limited in the contract for performance thereof, to discharge and satisfy of record the judgments specified in the contract, that the damage suffered by the plaintiff on account of the default of the defendant was the sum of $720, and that he suffered no other damages. The court also found as a fact that the plaintiff was indebted to the defendant in the sum of $675. The court found as a conclusion of law that the language of the contract, properly interpreted, meant that the defendant should save the plaintiff harmless from the judgments, notes, and claims; that the plaintiff was entitled to recover $750 and interest, amounting in the aggregate to the sum of $829.80; that the defendant was entitled to recover $675 and interest, amounting in the aggregate to the sum of $816.43; and that the plaintiff was entitled to judgment for the sum of $13.37.

It will be observed that there is no absolute agreement to cause the docket of the judgments to be canceled and discharged. The agreement of the defendant was to cause to be satisfied and discharged the judgments and claims against Vincent C. King. That was the particular thing which the defendant agreed to do. He had the right to limit his liability, and he did limit it. He did not agree to discharge the judgments of record, and his obligation cannot be extended by construction or implication beyond the terms of the contract. That the parties only intended that the plaintiff should be discharged from his liability upon the judgment is apparent from a clause in the contract that nothing therein contained shall be construed to prevent either or any of the judgment creditors or holders of the notes from collecting their claims by legal process or otherwise against other persons liable thereon. In view of this provision it is not reasonable construction that the parties intend that the judgment should be discharged of record.

I am therefore of opinion that the conclusion reached by the trial court was correct, and that the judgment should be affirmed, with costs.

All concur, except SMITH, P. J., not voting.